# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Appeal No. 24-4376 |
| ) | |
| JACKY LYNN McCOMBER, ) | |
| ) | |
| *Appellant.* ) | |
| _____) | |

## THE GOVERNMENT'S MOTION
## REQUESTING A 41-DAY CONTINUANCE IN THE DUE DATE
## FOR FILING ITS RESPONSE BRIEF IN THIS CASE, EXTENDING
## THE DEADLINE FROM TUESDAY, JANUARY 21 THROUGH
## <u>MONDAY, MARCH 3, 2025</u>

Appellee United States of America, by its undersigned counsel, hereby requests that this Court grant a continuance in the date when its response brief is currently due in this case, extending it from Tuesday, January 21st through and including Monday, March 3rd. This is the government's first request for a continuance in the filing of its response brief, and defense counsel has previously advised us that he would not oppose continuance requests by us comparable to those previously obtained by the defense. In support of this motion, the government states the following.

1. This appeal arises from the prosecution of defendant-appellee Jacky McComber (McComber), the owner of a software company named InfoTeK (ITK), on charges of submitting false bills to the National Security

Agency (NSA) concerning her work as the Program Manager on a contract known as IRONBRIDGE between April 2016 and September 2017, as well as making false statements under oath to investigators from the NSA's Office of the Inspector General (NSA-OIG) in October 2017. After a sixteen-day jury trial in January and February 2023, McComber was convicted on all charges in the superseding indictment – 19 counts of making false statements on monthly invoices in violation of the criminal False Claims Act (18 U.S.C. § 287) and one count of making false statements to federal agents (18 U.S.C. § 1001). Following a change of counsel that resulted in a substantial delay, McComber was subsequently sentenced on June 28, 2024 to 13 months of incarceration, two years of supervised release, and was ordered to pay restitution of $176,913.

2. McComber's counsel timely filed her Notice of Appeal on July 12th. This Court issued its original briefing order on September 3rd (ECF # 12), which provided for the appellant's opening brief to be filed on October 8th. Over the following months, appellant's counsel requested the following two continuances, which together totaled 82 days, prior to the ultimate filing of their opening brief eleven days ago on Monday, December 30th:

- ECF # 13 (September 26, 2024): continuance requested through December 9th; and

- ECF # 20 (November 22, 2024): continuance requested through December 30th.

The government did not oppose any of these requests. While we have not received a response from defense counsel with regard to this specific request for a 41 day continuance, appellant's lead counsel, Assistant Federal Public Defender Paresh Patel, advised us in an email on November 22nd that given our lack of opposition to their continuance requests, he would not oppose comparable requests for additional time by the government ("Of course we will agree to any commensurate extensions for yours"). This request is for exactly half of the total length of the continuances requested by the defense and previously granted by this Court.

3. The government does not agree with appellant's counsel's efforts in their brief (e.g., at Appellant's Brief [App. Br.] pages 2, 4-7, 50) to present this case as one that involved anything more than a straightforward case of billing the government for well over a thousand hours that the district court found that the defendant did not actually work. However, in part because of the need to define the amount of the loss suffered by the government in this case, the government presented extensive documentary and testimonial evidence at trial. This consisted of well over 100 exhibits and testimony from 21 government witnesses and six defense witnesses,

including the defendant herself.  The trial record totals approximately 3,500 pages, which was then followed by a further three-day evidentiary sentencing hearing.  The Joint Appendix – which includes extensive selections from the trial record; documentary exhibits presented both at trial and during the sentencing hearing; and additional exhibits relating to the defendant's motion for judgment of acquittal under Rule 29 – runs to just under 7,200 pages.

4. Finally, appellant's opening brief is 83 pages long (reflecting an increased 18,000 word limit approved by this Court) and presents five issues, some of which are very fact-intensive.  Moreover, while there are six defense counsel working on this case – one from the Office of the Federal Public Defender in Maryland and five from the international law firm of Weil Gotshal – the government is represented by only a single attorney, since the other prosecutor who helped try this case was on a short-term detail from the main Justice Department in Washington, and he returned to his caseload with the Fraud Section there once the trial concluded.  Moreover, the paralegal who assisted the prosecution team in presenting the evidence at trial nearly two years ago has since taken another position, so there is no one currently on the legal staff of the U.S. Attorney's Office who has a thorough familiarity with the evidence or the record here.

5. The government is hopeful that the additional time requested here through Monday, March 3rd will be sufficient for it to complete and file its response brief in this case. As noted above, appellant's counsel has previously advised us that they would not oppose continuance requests comparable to their own.

Respectfully submitted,

EREK L. BARRON
UNITED STATES ATTORNEY

/s/
_____
Jefferson M. Gray
Assistant U.S. Attorney

U.S. Attorney's Office
District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4915
Jefferson.M.Gray@usdoj.gov

*Counsel for the United States*