**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Appeal No. 24-4376 |
| | ) | |
| JACKY LYNN McCOMBER, | ) | |
| | ) | |
| *Appellant.* | ) | |
| _____ | ) | |

**THE GOVERNMENT'S MOTION
REQUESTING LEAVE TO FILE AN APPELLEE'S BRIEF
CONTAINING AN ADDITIONAL 4,000 WORDS BEYOND THE
18,000 PREVIOUSLY APPROVED UPON THE DEFENSE'S
<u>REQUEST PRIOR TO THE FILING ON THEIR OPENING BRIEF</u>**

Appellee United States of America, by its undersigned counsel, hereby requests that this Court grant it leave to submit an appellee's brief of 22,000 words, which is 4,000 words more than the total the Court granted to both parties in its Order of December 11, 2024 (ECF # 24), prior to the filing of the defense's brief on December 30th. In support of this motion, the government states the following.

1. This appeal arises from the prosecution of defendant-appellant Jacky McComber (McComber), the owner of a software company named InfoTeK (ITK), on charges of submitting false invoices to the National Security Agency (NSA) that significantly inflated the hours she worked as the Program Manager on a contract known as IRONBRIDGE between April

2016 and September 2017 – as well as making false statements under oath to investigators from the NSA's Office of the Inspector General (NSA-OIG) in October 2017.  After a sixteen-day jury trial in January and February 2023, McComber was convicted on all charges in the superseding indictment – 19 counts of making false statements on monthly invoices submitted in violation of the criminal False Claims Act (18 U.S.C. § 287) and one count of making false statements to federal agents (18 U.S.C. § 1001).  Following a post-trial change of counsel requested by McComber and her then-counsel in May 2023 that resulted in the postponement of her sentencing for an entire year, McComber was ultimately sentenced on June 28, 2024 to 13 months of incarceration, two years of supervised release, and was ordered to pay restitution of $176,913.

2.     Because of the need to document McComber's non-NSA-related activities during the 19-month period covered by the indictment and to reasonably define the amount of the loss suffered by the government, the government presented extensive documentary and testimonial evidence at trial and in connection with sentencing.  This consisted of well over 100 exhibits and testimony from 21 government witnesses.  The defense presented testimony from an additional six witnesses, including the defendant herself.  The trial record totals approximately 3,500 pages, which

was then followed by a further three-day evidentiary sentencing hearing in November 2023 and ultimately by arguments on an appropriate sentence in late June 2024 that stretched over parts of three more days. The Joint Appendix – which includes extensive selections from the trial record; documentary exhibits presented both at trial and during the sentencing hearing; and additional exhibits relating to various filings in the case and the defendant's motion for a judgment of acquittal on all 20 counts under Rule 29 – runs to just under 7,500 pages.

3. Appellant's opening brief is 83 pages long, reflecting the increased 18,000 word limit previously approved by this Court for both parties back in December (ECF # 24) and presents five issues, several of which require extensive factual discussion to answer the appellant's claims that the evidence presented by the government at trial was completely insufficient to sustain any of the defendant's 20 criminal convictions, or to support the district court's restitution order.

4. After working through the appellant's brief in detail while preparing our response brief, however, we do not believe we can provide a reasonably adequate response to the appellant's assertions that there was *no* significant evidence of the defendant's guilt presented during the 14 days of trial testimony by some 26 witnesses and in the roughly 2,000+ pages of

documentary exhibits in a brief that is likewise limited to 18,000 words. Often, a conclusory assertion advanced by the appellants in a sentence or two about the supposed complete lack of probative evidence presented by the government at trial requires substantially more text in our brief identifying detailed information from the voluminous record below to address. At this point in our drafting and editing process, we have determined that, even with extensive editing, we will need at least an additional 4,000 words to make a reasonably complete response to the claims advanced in appellant's brief.

5.  Appellant's counsel have authorized us to state that they oppose this request.

6.  Accordingly, the government now requests that this Court allow the appellee to submit a response brief to appellant's 18,000 word brief that totals no more than 22,000 words.

Respectfully submitted,

KELLY O. HAYES
UNITED STATES ATTORNEY

/s/

_____

Jefferson M. Gray
Assistant U.S. Attorney

U.S. Attorney's Office
District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4915
Jefferson.M.Gray@usdoj.gov

*Counsel for the United States*